```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION


GLOBAL MEDIA GROUP, INC.,         )
                                  )
           Plaintiff,             )
                                  )
     v.                           )    No. 4:05 CV 956 DDN
                                  )
EXPRESS TAX SERVICE, INC.,        )
ROBERT TAYLOR, and                )
ROBERT KLUBA,                     )
                                  )
           Defendants.            )
```

## MEMORANDUM

This matter is before the court on the motion of defendants Robert Kluba and Robert Taylor to dismiss for lack of personal jurisdiction (Doc. 8). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Plaintiff Global Media Group, Inc., has brought claims against defendants Express Tax Service, Inc., Robert Kluba, and Robert Taylor for breach of contract and tort. (Doc. 1 Attach. 1.) Plaintiff alleges that on June 10, 2004, Global Media contracted with Express Tax to become a marketing agent for Express Tax for three years. Id. Plaintiff alleges that Express Tax agreed to pay Global Media one-half of all revenue it received in exchange for each franchise sold by Global Media. Id.

Plaintiff alleges that in late 2004 or early 2005, Kluba and Taylor purchased Express Tax from 21st Century (Doc. 1 Attach. 1 at ¶¶2, 6) and that on January 28, 2005, approximately seven months into the three-year franchise contract, Express Tax notified plaintiff that it repudiated the contract. (Doc. 18 at ¶ 21; Doc. 28 Ex. A.)

Plaintiff filed suit in St. Louis City Circuit Court on May 3, 2005, alleging twelve causes of action. (Doc. 1 Attach. 1.) In June 2005, defendants removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446. (Id.) Both defendants Kluba and Taylor have moved to dismiss all causes of action (Counts VI, VII, X, and XI) against them for lack of personal jurisdiction. (Doc. 8.)

## A. General Standard

"In a diversity action, a federal court may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state, and by the due process clause of the Fourteenth Amendment." Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996). The plaintiff bears the ultimate burden of proof on the issue of jurisdiction, but jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 642 (8th Cir. 2003). To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. Watlow Elec. Mfg. Co. v. Patch Rubber Co., 838 F.2d 999, 1000 (8th Cir. 1988); Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990). The district court must consider the facts contained in the pleadings and affidavits in the light most favorable to the nonmoving party, Watlow Elec. Mfg., 838 F.2d at 1000, and resolve all factual conflicts in favor of that party. Lakin v. Prudential Secs., Inc., 348 F.3d 704, 706 (8th Cir. 2003).

## B. Missouri Long-Arm Statute

The Missouri long-arm statute provides, in relevant part:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

   (1) The transaction of any business within this state;

   (2) The making of any contract within this state;

   (3) The commission of a tortious act within this state;

   *   *   *

   3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

- 2 -

Mo. Rev. Stat. § 506.500 (2003).

The Missouri Supreme Court has declared that, when the Missouri legislature enacted the long-arm statute, its "ultimate objective was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." State v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970) (en banc). Therefore, the long-arm statute is broadly construed to reach as far as due process will allow. Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000); Fairbanks Morse Pump Corp. v. Abba Parts, Inc., 862 F.2d 717, 719 (8th Cir. 1988).

**Defendant Kluba**

Plaintiff claims that Kluba transacted business in Missouri within the meaning of the Missouri long-arm statute, and this court agrees. Missouri has held that a defendant "transacted business" within the meaning of the Missouri long-arm statute when the defendant was in the state for initial negotiations which eventually led to a sales contract. Chromalloy American Co. v. Elyria Foundry Co., 955 S.W.2d 1, 4-5 (Mo. 1997). The court stated that "even a single transaction may confer jurisdiction, if that is the transaction that gives rise to the suit." Id. at 4; see Peabody Holding Co. Inc. v. Costain Group, PLC, 808 F. Supp. 1425, 1432 (E.D. Mo. 1992) ("[j]urisdiction has been held to attach based upon as little as a single meeting or conference in Missouri, if the meeting or conference is in connection with the contract at issue.").

Kluba was in Missouri in September 2003, allegedly to negotiate the contract with Stephen Boone, the president of plaintiff; these negotiations led to the contract which is in dispute in this case. (Doc. 18 at ¶¶ 5-11.) Defendant Kluba argues that the 2003 visit to Missouri was for a wholly separate contract and had nothing to do with the contract at the center of this dispute. (Doc. 25 at 5.) The court must consider the facts contained in the pleadings and affidavits in the light most favorable to plaintiff, the nonmoving party, and resolve all factual conflicts in favor of plaintiff. Watlow Elec. Mfg., 838 F.2d

at 1000; Lakin, 348 F.3d at 706.  Taken in the light most favorable to plaintiff, Boone's affidavit indicates that Kluba's September 2003 visit to Missouri ultimately led to the contract involved in this case. (Doc. 18 at ¶ 5.)   Kluba also made many phone calls to Missouri and sent many e-mails and mail to the state regarding this contract.  Given Kluba's visit to Missouri to allegedly negotiate the contract at issue, and other communications to plaintiff in Missouri to negotiate the contract (Doc. 18 at ¶¶ 27-28), Kluba has conducted business in Missouri for purposes of the long-arm statute.

Therefore, given the broad interpretation accorded to the Missouri long-arm statute and the fact that the September 2003 meeting and the subsequent phone and e-mail communications led to the contract at issue, the court concludes that Kluba's activities constitute "transacting business" within the Missouri long-arm statute.

**Defendant Taylor**

Defendant Taylor's contacts do not satisfy Missouri's long-arm statute, because he failed to conduct business within the state and did not commit a tortious act within the state.

"Transaction of business" is broadly construed. Johnson Heater Corp. v. Deppe, 86 S.W.3d 114, 119 (Mo. Ct. App. 2002).  However, "use of the mail or telephone communications, without more, does not constitute the transaction of business for purposes of long-arm jurisdiction in Missouri." Id. at 120.  Taylor was never physically present in Missouri during any time relevant to this suit (Doc. 9 at ¶ 5), and, although telephone and e-mail communications between parties have been held to form a sufficient basis for personal jurisdiction, Products Plus, Inc. v. Clean Green, Inc., 112 S.W.3d 120, 125 (Mo. Ct. App. 2003), Taylor only called plaintiff five times and sent three e-mails.  In Products Plus, the defendant's contacts were of a greater nature than merely five phone calls and three e-mails.  Id.  The defendant partook in a lengthy contract negotiation, the contract at issue was finalized in Missouri,  and defendant delivered a product into Missouri.  Id.  Taylor's  contacts were too few to rise to the level of

conducting business within the state, especially since Taylor never visited Missouri. (Doc. 1 Attach. 1 at ¶ 5.)

Taylor also did not commit a tortious act within the meaning of the long-arm statute. Plaintiff alleges Taylor tortiously interfered with its contract with Express Tax and committed civil conspiracy. (Doc. 1 Ex. A at 20, 22.) "Under Missouri law, commission of a tortious extraterritorial act having consequences in Missouri is sufficient to invoke tortious long-arm jurisdiction." Vanliner v. All Risk Services, Ltd., 990 F. Supp. 1145, 1150 (E.D. Mo. 1997). Because jurisdiction is based on whether or not a tort was committed, the "plaintiffs must make a prima facie showing that defendant has in fact committed the tort alleged in the complaint." Peabody Holding Co., 808 F. Supp. at 1433. This requires more than a mere allegation that the defendant committed a tort; facts must be alleged that could satisfy the elements of the tort. Id.

To establish a prima facie case for tortious interference with a contract, the plaintiff must plead facts satisfying these elements: (1) a contract . . .; (2) defendant's knowledge of the contract . . .; (3) intentional interference by the defendant inducing or causing a breach of the contract . . .; (4) absence of justification; and (5) damages resulting from defendant's conduct." Id.

While no parties dispute that a contract existed or that Taylor knew of its existence, defendant Taylor does dispute that he induced its breach or that he was without justification for doing so. (Doc. 8.) At the time the contract was allegedly repudiated, Taylor was an agent of defendant Express Tax. As an officer of the corporation, Taylor had a privilege to induce the breach of contract. Preferred Physicians Mut. Mgmt. Group v. Physicians Mut. Risk Retention, 918 S.W.2d 805, 813 (Mo. Ct. App. 1996) ("corporate officer, acting within his or her authority, is privileged to induce a breach of a corporate contract if he or she uses no improper means . . ."). Plaintiff fails to establish a prima facie case for intentional interference with a contract in the complaint. Plaintiff alleges that defendant induced or caused a breach prior to becoming an agent for Express Tax, but the breach occurred January 28, 2005, after Taylor was an agent for Express Tax. Taylor's

letter proposing to alter the contract, sent before he was an agent, was not accepted by plaintiff.

Further, the element of "absence of justification" must be alleged with facts showing that the interference was not justified. Inst'l Food Marketing Assocs., Ltd. v. Golden State Strawberries, 747 F.2d 448, 454 (8th Cir. 1984). A person with "economic interest in a contract cannot be held liable for inducing its breach, even though motivated by self-interest, in the absence of pleading and proof that the action was accomplished by improper means." Id. (holding that lack of facts demonstrating "absence of justification" precluded a finding of personal jurisdiction).

Here, plaintiff has not made a prima facie showing in the complaint that Taylor attempted to induce or breach the contract without justification. There are no facts in the complaint stating that Taylor was without justification for his alleged tortious interference; the complaint merely states conclusorily that his acts were without justification. (Doc. 1 Attach. 1 at ¶ 105.) As a result, plaintiff has failed to establish tortious conduct under this theory.

Further, plaintiff fails to make a prima facie showing that defendant committed civil conspiracy. The elements for civil conspiracy under Missouri law include: (1) Two or more people; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages. Dickey v. Johnson, 532 S.W.2d 487, 502 (Mo. Ct. App. 1975); Sequa Corp. v. Cooper, 128 S.W.3d 69, 76 (Mo. Ct. App. 2003).

An agent cannot conspire with its principal. Wiles v. Capitol Indemnity Corp., 75 F. Supp. 2d 1003, 1005 (E.D. Mo. 1999). This rule is subject to an exception in which the agent is acting beyond his scope of authority out of self-interest. Id. In the complaint (Doc. 1 Attach. 1 at 20-21), plaintiff alleges Taylor was conspiring with Express Tax, which at the time the contract was allegedly breached was Taylor's principal. The "meeting of the minds" element is not satisfied, because the agent and principal are but one mind -- Express Tax. See Creative Walking, Inc. v. American States Ins. Co., 25 S.W.3d 682, 688 (Mo. Ct. App. 2000).

Further, a cause for conspiracy cannot lie absent an underlying wrongful act. "Civil conspiracy is not actionable by itself because 'some wrongful act must have been done by one or more of the alleged conspirators and the fact of a conspiracy merely bears on the liability of the various defendants and joint tortfeasors.'" Zipper v. Health Midwest, 978 S.W.2d 398, 417 (Mo. Ct. App. 1998) (quoting Macke Laundry Serv. Ltd. v. Jetz Serv. Co., 931 S.W.2d 166, 175 (Mo. Ct. App. 1996)); Nollman v. Armstrong, 603 F. Supp. 1168, 1172 (E.D. Mo. 1985) (court failed to find prima facie case of civil conspiracy, and therefore, no personal jurisdiction). "If the underlying claim does not state a cause of action, there can be no claim for civil conspiracy." Zipper, 978 S.W.2d at 417.

As stated above, plaintiff has failed to make a prima facie showing against defendant Taylor of tortious interference with a contract. Absent this underlying tort, a claim for conspiracy fails. Therefore, plaintiff has failed to demonstrate a prima facie claim for conspiracy.

For the above reasons, defendant Taylor has not satisfied the requirements of Missouri's long-arm statute.

**C.    Minimum Contacts Under the Due Process Clause**

Personal jurisdiction also requires that the Due Process Clause of the Constitution be satisfied.

> The principles of personal jurisdiction under the Due Process Clause are well established. Jurisdiction is appropriate only where a defendant has sufficient "minimum contacts" with the forum state that are more than random, fortuitous, or attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice. Digi-Tel [Holdings, Inc. v. Proteq Telecommunications (PTE) Ltd.], 89 F.3d [519,] 522 [(8th Cir. 1996)] (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 . . . (1985); Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 . . . (1945); and Milliken v. Meyer, 311 U.S. 457, 463 . . . (1940)). The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there. Burger King, 471 U.S. at 475 . . .; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 . . . (1980). Minimum contacts must exist either at the time the cause of action arose, the time the suit is filed, or within a

reasonable period of time immediately prior to the filing of the lawsuit. Clune v. Alimak AB, 233 F.3d 538, 544 n.8 (8th Cir. 2000).

With these principles in mind, [the court] look[s] at five distinct factors: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of contacts; (3) the relationship between the cause of action and the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties. Digi-Tel, 89 F.3d at 522-23. The first three factors are closely related and are of primary importance, while the last two factors are secondary. Id. at 523.

Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561-62 (8th Cir. 2003).

**Defendant Kluba**

The contacts by defendant Kluba were of the nature and quality that demonstrate he purposefully directed his conduct towards Missouri. FDIC v. Malmo, 939 F.2d 535 (8th. Cir. 1991) and Piper v. Kassel, 817 F. Supp. 802 (E.D. Mo. 1993), are cited by defendant, but they are not persuasive.

In FDIC, the court found that it did not have personal jurisdiction where the only contact between defendant, an attorney, and the state, was when defendant sent a letter soliciting permission to represent Bohemian Savings and Loan in a case. 939 F.2d at 536-37. FDIC does not apply here, because the contact between Kluba and plaintiff was not simply a solicitation. While Kluba may have initially solicited Global Media to enter into a franchise agreement, there were also all of the subsequent communications through phone, mail, and e-mail, and the contract made between the parties. Further, Kluba visited Missouri, and allegedly did so yearly. (Doc. 1, Attach 1 at ¶ 15.) Therefore, the contacts were of a greater nature than mere solicitation.

Further, in Piper, there was no direct contact between the defendant in that case and Missouri; all contacts with the state were done through defendant's agent. Piper, 817 F. Supp. at 804-05. That court would not impute these actions of the agent to the defendant. Id. at 804. Here, defendant Kluba himself had the contacts with plaintiff in Missouri. He allegedly visited the state to negotiate the contract

(Doc. 18 at ¶¶ 5-7), and had numerous communications with plaintiff while plaintiff was in Missouri (an estimated 250 phone calls, 15-20 letters, and 29 e-mails) (id. at ¶¶ 27-28), showing an intent to purposefully avail himself to the benefits of conducting business within the state.

**Defendant Taylor**

Defendant Taylor's contacts with Missouri were not of the nature and quality that demonstrate he purposefully directed his conduct towards Missouri. He only spoke on the phone five times to plaintiff in Missouri and sent three e-mails to an account in Missouri. (Doc. 18 at ¶¶ 33, 34.) These contacts are too few and not of the nature or quality to satisfy the due process requirement of the Constitution. See Elaine K. v. Augusta Hotel Assoc. Ltd., 850 S.W.2d 376, 379 (Mo. Ct. App. 1993) (holding that "some" phone calls to Missouri, mailing brochures to Missouri, and mailing a confirmation letter to Missouri were not enough to satisfy Due Process).

Accordingly, the court has personal jurisdiction over defendant Kluba, but must dismiss the claims against Taylor for lack of personal jurisdiction.

An appropriate order is issued herewith.

/s/ David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 4, 2005.